IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-480-TMH |
| ) | [WO] |
| ) | |
| DOTHAN EAGLE and HOUSTON ) | |
| COUNTY CIRCUIT COURT, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Patrick Jackson ["Jackson"], an indigent inmate currently confined in the Houston County Jail. In this complaint, Jackson challenges actions taken by The Dothan Eagle, a local newspaper, in reporting prior youthful offender convictions imposed upon him by the Circuit Court of Houston County, Alabama. Specifically, Jackson complains that the reports contained in the newspaper constituted slander and referenced confidential information. Jackson seeks monetary damages for the alleged violations of his constitutional rights.

Upon consideration of the claims presented in the complaint, the court concludes that dismissal of this case prior to service of process is proper in accordance with the

directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

### A. The Dothan Eagle

Jackson complains The Dothan Eagle printed reports containing information relevant to his youthful offender convictions which he "feel[s] [is] slander." *Plaintiff's Complaint - Court Doc. No. 1* at 2. The claims against this defendant entitle Jackson to no relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985.  Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires **both** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' **and** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

The Dothan Eagle is not a person nor can its actions be considered those of a state actor.  Additionally, it is clear from the complaint that the actions of this defendant about which the plaintiff complains resulted from "merely private conduct" excluded from the reach of § 1983.  In light of the foregoing, the court concludes that the allegations of constitutional violations presented against The Dothan Eagle are frivolous and subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Houston County Circuit Court

Jackson names the Houston County Circuit Court as a defendant in this cause of

action. A state court is not a person within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of the claims against this defendant is therefore appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. The Slander Claim

To the extent Jackson seeks compensation for the purported slander of his name, the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). Thus, the plaintiff's claim for relief based on such theory of liability is frivolous as it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] The slander claim is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before September 22, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*)*,* adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of September, 2008.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE